ELLIS, Judge.
This suit was initiated as a proceeding via executive filed to enforce a promissory note *15 and chattel mortgage affecting defendant’s car, which note and mortgage were in der fault. No contest was held in this suit until the car was seized and sold with benefit of appraisement, and the plaintiff sought to obtain a deficiency judgment. The judgment sought consisted of the amount oi. principal, interest, attorney’s fees and costs due when suit was filed, subject to a credit of $1,000.00 covering the amount brought by the sale of the car. The defendant filed an answer to plaintiff’s petition for deficiency judgment making two contentions. He first contended that defendant had contracted that there would be no sale with benefit of appraisement in the event of his default on the contract, since he specifically waived the right to such a sale in the chattel mortgage sued upon. Secondly, he contended that in the event the sale with ap-praisement was upheld, that the plaintiff could not sue for attorney’s fees, since the amount owed would be merely an ordinary debt.
Trial was held on the merits and judgment was rendered as prayed for by the plaintiff. The defendant perfected a devolu-tive appeal from this judgment.
There is no question that the defendant was in default when the executory proceedings first were filed. Nor is there a question concerning the amount due under the contract when suit was filed. The defendant’s main contention is as stated above. He claims that he did not contract to have his car sold with benefit of appraisement in the event of default, and therefore such a sale could not accrue to the benefit of the seizing creditor.
A quotation from the chattel mortgage in question in regard to proceedings when the note is in default should indicate the intention of the parties:
“ * * * Mortgagor does hereby authorize mortgagee to cause Car to be seized and sold under executory process or under writ of fieri facias issued in execution of an ordinary judgment obtained on Note, to highest bidder for cash. If the proceeds of such sale shall not be sufficient to pay such costs and expenses and the indebtedness hereunder, Mortgagor agrees that such repossession and resale shall in no manner alter or extinguish Mortgagor’s obligation to pay such deficiency.”
Reading this portion of the chattel mortgage in the light of the provisions of LSA-R.S. 13:4106 et seq., it is clear that the mortgagor did not contract away his right of sale with benefit of appraisement. In fact, the only way the specific provisions of the mortgage quoted above may be complied with is by sale with benefit of appraisement followed by proceedings for a deficiency judgment: ¡ '
“§ 4106. Deficiency judgment prohibited if sale without appraisement
“If a mortgagee or other creditor takes advantage of a waiver of ap-praisement of his property, movable, immovable, or both by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next.paragraph.
“If a mortgage or pledge affects two or more properties movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.”
However, had the specific pertinent terms of the mortgage in question not read as they do, and had the mortgagor merely signed a waiver of his right to sale with benefit of appraisement, this would still not avail defendant. In that case it would *16 merely grant the plaintiff an option to have the seized property sold without benefit of appraisement. The public policy of this state encourages sales with benefit of ap-praisement, which is a distinct protection for the debtor. If a seizing creditor “takes advantage of a waiver of appraisement” and sells without appraisement for less than is due, he nevertheless forfeits the right he would have otherwise to sue for the deficiency.
It is conceivable that a mortgagor and mortgagee could contract that if the mortgage were in default the mortgagee could only seize and sell the property without benefit of appraisement. In this case the mortgagee would be contracting away his legal right to sue for a deficiency judgment. However, the mortgagor in this case has not done so. On the contrary, this right has been specifically reserved.
Defendant’s second contention is that if the sale with appraisement be upheld, that attorney’s fees cannot be obtained in the second proceeding for a deficiency judgment, since the debt stxed for is an ordinary one. No citation of authorities is given for this contention. Since the laws of this state clearly provide for such a proceeding as is before us, the defendants contention is without merit. Since plaintiff has complied with all of the requisites upon which it must base a suit for a deficiency judgment, the trial court’s judgment is correct. Furthermore, it is noted that the judgment granted is in strict accordance with the pertinent terms of the chattel mortgage.
Affirmed.